IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 18-34915-H3-13 |
| TERESA ANNE DELGADO, | § | |
| | § | |
| Debtor | § | |

### Trustee's Motion to Dismiss for Non-Payment

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MOTION ON **JUNE 10, 2024 AT 1:00 P.M.** IN COURTROOM #402, 515 RUSK AVENUE, HOUSTON, TX   77002. YOU MAY ATTEND VIRTUALLY OR IN PERSON. TO ATTEND VIRTUALLY, YOU MUST CONNECT BY SEPARATE AUDIO AND VIDEO CONNECTIONS. THE AUDIO CONNECTION IS 832-917-1510. THE CODE IS 999276. THE VIDEO CONNECTION IS AT [gotomeeting.com](gotomeeting.com). THE CODE IS JudgeRodriguez.

   Tiffany D. Castro, Trustee, moves to dismiss or convert this case based on Debtor's failure to make required payments.  As of this motion's filing date, Debtor is delinquent $4,097.02, an amount constituting not less than two (2) months[1] of required payments. An itemized payment history may be obtained by  accessing the National Data Center's website at www.NDC.org.

---

[1] Unless the remaining plan term is less than 2 months.

TR MTD BNC
batch POST

NOTICE TO DEBTORS: YOU MUST DO ONE OF THE FOLLOWING WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU:

1. BRING YOUR PAYMENTS CURRENT.

2. FILE A RESPONSE OR REQUEST FOR HEARING.

IF YOU FAIL TO DO EITHER OF THE ABOVE, THE BANKRUPTCY COURT MAY DISMISS YOUR BANKRUPTCY CASE WITHOUT A HEARING, AT ITS DISCRETION.

Therefore, Trustee prays that the Court dismiss the case, convert to Chapter 7, or grant such other relief as may be deemed just and appropriate.

Respectfully Submitted,

/s/ Tiffany D. Castro, Trustee
Tiffany D. Castro, Trustee
Admissions Id. No.24052172
Kenneth P. Thomas, Staff Attorney
Admissions Id. No. 1347
9821 Katy Freeway, Suite 590
Houston, TX  77024
(713) 722-1200 Telephone
(713) 722-1211 Facsimile

## Certificate of Service

I certify that this pleading was sent via first-class mail or electronic service to Debtor, Debtor's Attorney, the U.S. Trustee, and all parties requesting notice on April 16, 2024.

    /s/ Tiffany D. Castro
Tiffany D. Castro, Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:<br>TERESA ANNE DELGADO<br>DEBTOR | §<br>§<br>§<br>§ | CASE NO: 18-34915-H3-13 |

**Order of Dismissal**

1. On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

2. The deadline for filing an application for an administrative expense in this case is set at 21 days following the entry of this Order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

3. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of an administrative expense under § 503, if the new application only seeks allowance of the same professional fees and expenses previously requested.

4. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

5. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

    (a) First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor;

    (b) Second, to any unpaid chapter 13 trustee's statutory compensation;

    (c) Third, the balance on hand in the Reserves for ad valorem taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

    (d) Fourth, the balance in any other Reserve account to the Debtor;

    (e) Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

(f) Sixth, to pay any unpaid fees to Debtor's attorneys and to reserve for any filed applications for which no order has yet been entered; and

(g) Seventh, to the Debtor.

Any party-in-interest objecting to the "for cause" distributions under this paragraph must file an objection within 14 days of entry of this Order. The chapter 13 trustee will defer making distributions under this paragraph until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.